## HENDERSHOT v WHITLAM

Ohio Appeals, 8th Dist, Cuyahoga Co

No 13203. Decided Nov 27, 1933

Edward Blythin, Cleveland, for plaintiff in error.

Otto G. Graeff, Cleveland, for defendant in error.

**OPINION**

By LIEGHLEY, PJ.

Plaintiff claims that the court had jurisdiction and that the service of process as made was authorized and warranted by §6308 GC, which reads as follows:

"Actions for injury to a person or property, caused by the negligence of the owner or operator of a motor vehicle, may be brought, by the person injured, against such owner or operator in the county wherein such injury occurs. A summons in such action against any defendant or defendants shall be issued to the sheriff of any county within this state wherein such defendant or defendants reside and may be served as in other civil actions, notwithstanding any contrary provision of law for the service of summons in civil actions."

Our attention has been directed to the case of Smalley v Miller, 2 Ohio Law Abstract, 215; also Klein v Lust, 110 Oh St 197, and Yontz v McCutchin, 121 Oh St 142. The facts of these cases differ from those of the case at bar.

The construction of §6308 GC as it existed prior to the amendment of 1923 may be found in the syllabus of Klein v Lust, 110 Oh St 197.

The first sentence of the section then read: "Actions for injury to a person or property, caused by the negligence of the owner of a motor vehicle, may be brought, by the person injured, against such owner in the county wherein such injured person resides."

As amended in 1923, and as in force now, that sentence reads: "Actions for injury to a person or property, caused by the negligence of the owner or operator of a motor vehicle, may be brought, by the person injured, against such owner or operator in the county wherein such injury occurs."

By comparison it may be noted that the amendment of 1923 added the words "or operator." Also, the phrase at the close of the sentence "wherein such injured person resides" has been changed to read "wherein such injury occurs."

In the opinion by Marshall, C.J., in Klein v Lust, supra, at page 203 it is said: "The recent amendment to §6308 GC (110 Ohio L. 407) permits such actions to be brought in the county where the injury occurred which has the effect of taking away the right to bring the action where the injured person resides."

Smalley v Miller, 2 Ohio Law Abstract, 215, obviously was decided upon §6308 GC as it read prior to the amendment, as was the case of Klein v Lust, supra, and therefore are of little help in the decision of the question presented in this case.

Yonts v McCutchin, supra, was decided in

1929 under the present form of the statute. Plaintiff was a resident of the City of Columbus and the accident occurred within the limits of the city. The defendants lived outside the city limits in Franklin County. Suit was brought in the Municipal Court of Columbus and service had upon the defendants by the sheriff. It was held that the Municipal Court was without jurisdiction. In effect it is held that §6308 GC has no application to a situation wherein all the parties are residents of the same county within the boundaries of which the accident occurred. §6308 GC refers to situations only wherein the parties live in different counties, under which circumstances service of summons may be had by the sheriff of the county of which the defendant is a resident.

So that, it seems that the trial must be had in the county 'wherein the injury occurs'. But, where in the county, in what court or courts in the county may the plaintiff file his action? If the claim is for more than One Hundred Dollars, of course the Common Pleas Court is available to him, but what other court, if under One Hundred Dollars?

Suppose the claim is for ninety dollars. The Common Pleas Court does not have jurisdiction. In what court or courts may he sue? Because the statute provides suit may be brought in the county wherein the injury occurs, are all courts of justices of the peace and Municipal Courts in the county open to him? Or, does the residence of the plaintiff in the county or the place of accident in the county determine the court in which the action must be brought?

As we understand the holdings, prior to the amendment when the plaintiff might bring an action in the county of his residence against a resident of another county for automobile injury, the plaintiff could sue in the Justice Court of his township or the Common Pleas Court of his county, dependent upon the amount of his claim. The residence of the plaintiff determined the county in which the action may be brought under §6308 GC. If he lived in Cleveland, he could sue in the Municipal Court, as by the provisions of §1579-6 GC the former jurisdiction of justices of the peace was expressly transferred to the Municipal Court.

Since the amendment, the place of accident determines the county in which the action may be brought. If this accident had happened in Lake County between the parties to this action, plaintiff would have to sue there to avail himself of the service of summons under §6308 GC. If for over One Hundred Dollars, he could sue in the Common Pleas Court. If the claim was for only Ninety Dollars, in what court would he sue? Would he be without remedy under this section and be obliged to go to Medina County to the residence of the defendant, or would the point of accident in Lake County fix his proper tribunal? If he has no court available in Lake County under this statute, he is not thereby deprived of a forum in which to litigate, as there remains to him other statutes under whose authority he may sue in Medina County.

But, the language of the statute by the use of the place of injury to prescribe venue does no more than fix the county in which suit may be brought. It does not name the court or courts in the county, nor does it say the place of injury shall determine the court. There is no intimation nor is there any language from which the inference may be drawn that it was intended that the place of accident should fix the court within the county wherein the case should be brought. The statute being silent on the subject, it seems more reasonable to conclude that it was intended that the plaintiff should be relegated to the general statutes to ascertain what court had jurisdiction of the subject matter of his litigation with the venue extended to allow service of process upon the defendant in Medina County under the provisions of §6308 GC.

Paragraph 3 of the syllabus of Klein v Lust, supra:

"Sec 6308, GC, does not enlarge the general jurisdiction of trial courts, but on the contrary is a venue statute which merely enlarges the geographic boundaries for the exercise of general jurisdiction conferred upon such courts by other statutes."

It is our opinion that the Justice Court of Strongsville and the Court of Common Pleas had jurisdiction to entertain the cause of action of plaintiff under the facts of this case, and that the Municipal Court of Cleveland does not have jurisdiction.

For the foregoing reasons the judgment is affirmed.

McGILL, J, concurs in judgment.
LEVINE, J, dissents.